IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
4:12-CR-127-FL2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| CASEY DEANDRE MURRELL, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Carteret County Sheriff's Office. Defendant presented the testimony of the proposed third-party custodian, his father. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in 5 counts of an 8-count indictment on 28 November 2012 with: conspiracy to distribute and possess with the intent to distribute 280 grams or more of cocaine base (*i.e.*, crack) and 5 kilograms or more of cocaine beginning no later than in or around 2004, and continuing up to and including on or about 12 September 2012 in violation of 21 U.S.C. §§

841 and 846 (ct. 1); distribution of a quantity of crack cocaine on or about 3 November 2009 (ct. 2) and 10 November 2009 (ct. 3) in violation of 21 U.S.C. § 841(a)(1); and possession with the intent to distribute 28 grams or more of crack cocaine on or about 12 September 2012 in violation of 21 U.S.C. § 841(a)(1) (ct. 6).

The evidence presented at the hearing showed that the charges arise, in part, from video- and audio-recorded controlled purchases of crack cocaine from defendant by a confidential informant on the offense dates alleged in counts 2 and 3, namely, 3 and 10 November 2011, respectively. In addition, police conducted a search of defendant's residence on the offense date alleged in count 6, 12 September 2012, yielding, among other evidence, over 20 grams of crack cocaine and a quantity of powdered cocaine in a jar in the backyard. Police had previously received reports from multiple sources that defendant was trafficking in drugs.

In statements to police, both defendant and his co-defendant brother admitted to working together in the distribution of cocaine, although they differed in their descriptions of the details of the arrangements between them. Defendant stated that he had been dealing cocaine since 2007 and identified multiple sources of supply, including sources in Arizona.

Defendant was on state probation from May 2005 to May 2006 and again from October 2007 until the present, some of which probation was intensive. Hence, most of the alleged conspiracy and each of the other offenses charged occurred while defendant was on probation. In fact, the distribution offenses in counts 2 and 3 occurred within two months after defendant was placed on intensive probation. Defendant also committed two of his prior felony convictions—for cocaine distribution and possession of a firearm by a convicted felon in October 2008—while on probation for his other felony conviction, for possession of marijuana in February 2007.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence tending to show that the government has enough evidence to obtain a conviction, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including their commission while defendant was on probation, the apparent duration of the drug-distribution activity, and the extended potential prison term defendant faces if convicted, particularly in light of his never having previously served substantial time in prison; defendant's criminal record, including the three felony convictions discussed above, his history of utterly disregarding his obligations while on probation, and one misdemeanor conviction; the manifest danger of continued drug-dealing by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant is a lifelong resident of his local community, the extended prison term he faces gives him a powerful incentive to flee. The fact that he did not flee after release on the counterpart state charges is not definitive evidence that he would not flee if released on the instant charges because of the much more severe penalties he faces on the federal charges.

The court is aware that the government did not present evidence relating directly to certain allegations in the indictment, such as the overall volume of crack cocaine and powdered cocaine subject to the conspiracy and the origination of the conspiracy no later than in 2004. Nevertheless, the grand jury found probable cause to support these allegations and the evidence the government did present was supportive of them and comparable allegations.

Defendant pointed to the delay in prosecution of defendant, suggesting that the delay signified the government did not deem him a risk to the safety of the community. The government's evidence was, however, that the investigation of defendant was part of an ongoing operation. Moreover, the fact that defendant was found in possession of a substantial amount of crack cocaine and a quantity of powdered cocaine in 2012, subsequent to the controlled purchases in 2009, supports the allegation in count 1 that the conspiracy continued and that defendant remained a danger to the community notwithstanding the decision not to prosecute him earlier. In any event, the determination of dangerousness ultimately rests with the court, not the government.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 10th day of December 2012.

_____
James E. Gates
United States Magistrate Judge